629

## BETTENCOURT v. SOCIAL SECURITY BOARD et al.

No. 25080.

District Court, N. D. California, S. D.

May 15, 1946.

Clarence A. Linn, of San Francisco, Cal., and Arthur L. Johnson, of San Jose, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This cause, submitted to the Court upon motions for summary judgment presented by both plaintiff and defendants, is analogous in its essential facts to the case of Burger et ux. v. Social Security Board, etc. et al., D.C., 66 F.Supp. 619, No. 355, pending in the District Court of the United States, Southern District of California.

I concur with the reasoning and conclusion reached by Judge Mathes in his memorandum and decision this day filed in said cause, except that I do not feel it essential to determine herein that the term "market" as used in the Social Security Act, as amended, 42 U.S.C.A. § 409(*l*), in defining agricultural labor, was intended by Congress to mean a "growers' market."

The evidence before the Social Security Board fully established, (and there was no substantial evidence to support any finding to the contrary) that the Rosenberg Bros. and Company dried fruit packing plant at Santa Clara, California, wherein the services of the plaintiff were performed, was a "terminal market for distribution for consumption." These services were not, therefore, agricultural services within the purview of the Statute.

It is therefore ordered:

1. The plaintiff's motion for summary judgment be and it is granted, and the defendants' motion for summary judgment be and it is denied.

2. The decision of the Social Security Board is reversed and the cause is remanded to the Board with directions to recompute the benefits to which plaintiff is entitled under the Act. 42 U.S.C.A. § 405(g).